Motion Denied; Dismissed and Memorandum Opinion filed August
16, 2011.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00562-CR

____________

 

JULIO CESAR UMANZOR, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 248th District Court

Harris County, Texas

Trial Court Cause No. 9416768

 



 

MEMORANDUM
OPINION

Appellant entered a plea of guilty, without an agreed
recommendation on punishment, to delivery of cocaine.  On July 21, 1994, the
trial court sentenced appellant to probation for ten years and assessed a
$1,000 fine.  On August 11, 2004, the trial court found that appellant had
completed the conditions of supervision for the full term of the supervision
period and signed an order discharging appellant.  Appellant filed a notice of
appeal of his conviction on June 24, 2011.  

This court notified the parties of its intention to dismiss
the appeal for want of jurisdiction unless any party filed a response
demonstrating that this court has jurisdiction over the appeal.  On July 21,
2011, appellant filed a motion to retain the appeal.  In his motion, appellant
argues that changes in the law require that appellant’s conviction be vacated. 
Appellant also argues that he received ineffective assistance of counsel at the
time he entered his plea.

The time for appellant to challenge his conviction by appeal
has long passed.  A defendant’s notice of appeal must be filed within thirty
days after sentence is imposed when the defendant has not filed a motion for
new trial.  See Tex. R. App. P. 26.2(a)(1).
 A notice of appeal which complies with the requirements of Rule 26 is
essential to vest the court of appeals with jurisdiction.  Slaton v. State,
981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  If an appeal is not timely perfected,
a court of appeals does not obtain jurisdiction to address the merits of the
appeal.  Id.  Under those circumstances it can take no action other than
to dismiss the appeal.  Id.

Only the Texas Court of Criminal Appeals has jurisdiction over matters
related to post-conviction relief from a final felony conviction.  See Ater
v. Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex. 1991); see also
Tex. Code Crim. Proc. art. 11.07; Board of Pardons & Paroles ex rel.
Keene v. Court of Appeals for Eighth Dist., 910 S.W.2d 481, 483 (Tex. Crim.
App. 1995) (holding that article 11.07 provides the exclusive means to
challenge a final felony conviction).  

Accordingly, we deny appellant’s motion to retain, and the
appeal is ordered dismissed.

PER CURIAM

Panel consists of Chief Justice
Hedges and Justices Anderson and Christopher.

Do Not Publish — Tex. R. App. P. 47.2(b).